NO. 07-09-0178-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 27, 2010

_____


MICHUEL ALLEN REAMY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,867-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Michuel Allen Reamy, was convicted by a jury of aggravated robbery, enhanced, and sentenced to sixty-five years confinement. The appellate record was timely filed and Appellant's brief was originally due November 16, 2009. Appellant's counsel, L. Van Williamson, filed two motions for extension of time in which to file Appellant's brief, both of which were granted, thereby extending the

deadline to December 16, 2009. By letter dated December 23, 2009, this Court notified Mr. Williamson that Appellant's brief was past due and explained that failure to file the brief by January 4, 2010, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* Tex. R. App. P. 38.(b)(2) and (3). In response, counsel communicated to the Clerk of this Court that he was experiencing computer problems and hoped to file the brief with another motion for extension of time on January 8, 2010. Neither the brief nor a motion for extension of time was filed prompting the Clerk of this Court to again make inquiry. On Friday, January 21st, counsel advised that the brief would be filed by 5:00 p.m. on January 22nd. To date, the brief remains outstanding.

Given the information available to this Court, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before February 8, 2010.

Should counsel file Appellant's brief on or before February 8, 2010, he is directed to notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action. If, however, the brief is not timely filed, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine the following:

1.     whether Appellant desires to prosecute the appeal;

2.     whether Appellant's counsel has effectively abandoned the appeal

3.     given his failure to timely file the brief; and

4.     whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court.  The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by February 22, 2010. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.